**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:00-CR-28-TLS-16 |
| | ) | RELATED CAUSE NO.: 2:10-CV-36-TLS |
| JAY ZAMBRANA | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jay Zambrana's Pro-Se Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 1675], filed on January 22, 2010. The Government filed a Response [ECF No. 1682] on March 22, 2010, and Defendant Zambrana filed a Reply [ECF No. 1703] on June 28, 2010. The Court has considered the Exhibits [ECF No. 1675-2] attached to Defendant Zambrana's Motion.

**BACKGROUND**

The Court conducted an eighteen day jury trial commencing on October 22, 2003, and concluding on November 21, 2003, resulting in a jury verdict of guilty for Defendant Zambrana. Specifically, the jury found Defendant Zambrana guilty of the following charges contained in the Government's Fourth Superceding Indictment [ECF No. 898]: one count of drug conspiracy, in violation of 21 U.S.C. § 846 (Count 1); one count of maintaining a place for the purpose of distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1) (Count 2); eleven counts of drug trafficking, in violation of 21 U.S.C. § 841(a)(1) (Counts 4–14); three counts of using a communication facility in connection with a drug trafficking offense, in violation of 21 U.S.C. § 843(b) (Counts 16, 17, and 19); one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 21); two counts of extortion under color of official right, in violation of 18 U.S.C. § 1951 (Counts 23 and 24); four counts of causing the death of

another in relationship to a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A) (Counts 25–28); one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 32); two counts of money laundering, in violation of 18 U.S.C. § 1956 (Counts 33 and 35); and two counts of money laundering, in violation of 18 U.S.C. § 1957 (Counts 34 and 36). Defendant Zambrana was also named in a drug forfeiture allegation pursuant to 21 U.S.C. § 853 and a money laundering forfeiture allegation pursuant to 18 U.S.C. § 982. The jury found that Defendant Zambrana should forfeit several properties; the jury also determined that a $6,000,000 money judgment was warranted.

Attorney Richard A. Kayne represented Defendant Zambrana in pretrial matters, at trial, and in some post-trial proceedings. Attorneys John W. Peters and Robert L. Gevirtz also represented Defendant Zambrana in pretrial matters. Attorney Thomas L. Shriner, Jr., represented Defendant Zambrana for his direct appeal to the United States Court of Appeals for the Seventh Circuit.

On March 23, 2006, the Court sentenced Defendant Zambrana as laid out in the Judgment [ECF No. 1526]. Specifically, the Court sentenced Defendant Zambrana to life on Counts 1, 4, 7, 10, 12, 13, 14, and 25–28. The Court also sentenced Defendant Zambrana to 360 months on Counts 5, 6, 8, 9, and 11; to 240 months on Counts 2, 23, 24, 32, 33, and 35; to 120 months on Counts 21, 34, and 36; and to 96 months on Counts 16, 17, and 19. The Court ordered that the sentences for all Counts would be served concurrently with the life sentence. The Court also sentenced Defendant Zambrana to 10 years of supervised release, and ordered him to pay $4,349.23 in restitution and special assessment to the Government. Finally, the Court ordered Defendant Zambrana to forfeit real and personal property and to pay a $6,000,000 money

judgment in accordance with the jury's forfeiture findings.

Defendant Zambrana appealed his conviction, and the Seventh Circuit affirmed his conviction (along with the conviction of co-Defendant James Ervin) on September 2, 2008. *United States v. Ervin*, 540 F.3d 623 (7th Cir. 2008); *see also* Judgment, ECF No. 1657.

Defendant Zambrana now seeks to vacate, set aside, or correct his sentence on the basis of errors at trial, government impropriety in witness sequestration, and ineffective assistance of counsel. The Government, in its Response, argues that Defendant Zambrana's claims provide no basis for collateral relief because they were either previously ruled upon by the Seventh Circuit or do not amount to ineffective assistance of counsel. The Court agrees that Defendant Zambrana's claims do not entitle him to collateral relief.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

Defendant Zambrana asserts that he is entitled to habeas relief on five grounds[1]: First, he

---

[1] Defendant Zambrana also states that he is actually innocent of the crimes of which he was charged and found guilty. (Pro-Se Mot. Under Title 28 U.S.C. § 2255 11, 16; ECF No. 1675; Reply 32, ECF No. 1703.) Defendant Zambrana has not, however, raised actual innocence as an independent ground for collateral relief. Nor has he suggested that newly discovered evidence makes it more likely than not that he would not have been convicted at trial had the newly discovered evidence been presented. Accordingly, the Court will deny habeas relief insofar as Defendant Zambrana's filings raise the hint of

maintains that the Court erred when it denied his motion to sever the homicide charges from the rest of the charges against him. Second, Defendant Zambrana argues that the Court erred when it denied his motion for a new trial after the Government disclosed additional improprieties by one of its trial witnesses against him. Third, Defendant Zambrana states that his trial counsel was ineffective when he filed a motion to dismiss the Third Superseding Indictment before the start of trial. Fourth, Defendant Zambrana argues that his appellate counsel was ineffective when he failed to file a writ of *certiorari*. Fifth, Defendant Zambrana maintains his trial counsel was ineffective for failing to challenge the racial makeup of the jury pool and for failing to preserve this issue for appeal.

The Government argues in its Response that Defendant Zambrana's first two grounds for relief were already decided on the merits by the Seventh Circuit on direct appeal, and as Defendant Zambrana has not alleged any changed circumstances, he presents no basis for habeas relief. The Government additionally argues that Defendant Zambrana's claims of ineffective assistance of counsel do not meet the standard for ineffectiveness required by *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court notes that Defendant Zambrana also requests an evidentiary hearing. However, he has not submitted a sworn affidavit as part of his § 2255 filings, nor do his exhibits, which consist entirely of court documents, produce admissible evidence requiring a hearing on any of his claims. *See Galbraith v. United States*, 313 F.3d 1001, 1009–10 (7th Cir. 2002) ("factual allegations must be supported by an affidavit before we will require the additional step of an

---

an actual innocence claim. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

evidentiary hearing"). Accordingly, the Court will deny Defendant Zambrana's requests for an evidentiary hearing.

### A.   Legal Standard—Ineffective Assistance of Counsel Claims

In seeking to prove that his counsel rendered ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

The performance prong requires the defendant to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* The prejudice prong requires the defendant to show that his trial counsel's errors are so serious as to render his trial fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 368–69 (1993).

No matter how many grounds of ineffective assistance of counsel are raised, "ineffective assistance of counsel is a single ground for relief. . . . [I]t is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). "Failure to raise a losing argument, whether at trial or on appeal,

does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Moreover, in the case of a claim that counsel failed to preserve an issue for appeal, "[i]f the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

**B.     Claims that Have Previously Been Ruled Upon by the Seventh Circuit**

The United States Court of Appeals for the Seventh Circuit denied Defendant Zambrana's direct appeal on September 2, 2008. Specifically, the Seventh Circuit held that Defendant Zambrana's argument in support of his motion to sever the homicide charges from the rest of the charges against him was "meritless," *Ervin*, 540 F.3d at 629, and that this Court's instruction that the jury "consider each count and the relating evidence separately" adequately guarded against any risk of evidentiary spillover, *id.* at 630. Therefore, the court upheld this Court's decision to deny the motion to sever. *Id.* at 632. Furthermore, the Seventh Circuit held that the substantive arguments in support of Defendant Zambrana's motion for a new trial were also "meritless," *id.* at 631, and therefore upheld this Court's decision to deny the motion for new trial, *id.* at 632.

In his first and second grounds for habeas relief, Defendant Zambrana now raises the same two issues previously decided by the Seventh Circuit. His first ground is that the Court should not have denied his motion to sever, and his second ground is that the Court should not have denied his motion for a new trial. He presents no new facts or circumstances in support of these grounds. As the Government notes, "[i]n the absence of changed circumstances [the Seventh Circuit] will not reconsider in an appeal from the denial of a section 2255 motion an

issue previously decided by [the Seventh Circuit] on direct appeal from the conviction." *Norris v. United States*, 687 F.2d 899, 900 (7th Cir. 1982).

Because Defendant Zambrana does not present changed circumstances or new argument in support of his first and second habeas grounds, the Court will deny those grounds for relief. As the Seventh Circuit stated, denial of the motion to sever was appropriate because Defendant Zambrana did not make a specific showing of the testimony he would be precluded from offering absent a severance, and because the spillover instruction was sufficient. Furthermore, denial of the motion for a new trial was appropriate because the new evidence Defendant Zambrana wished to introduce was merely impeaching and was cumulative, because no evidence suggested that witnesses against Defendant Zambrana actually coordinated testimony, because no evidence suggested that Government agents actually suppressed the evidence of misconduct, and because the cumulative impeachment evidence would not have violated *Brady v. Maryland*, 373 U.S. 83 (1963), even if Government agents had actually suppressed it. The Seventh Circuit has already upheld both of the Court's rulings on these issues. Because Defendant Zambrana offers no basis for this Court to alter its rulings, the Court will deny habeas relief as to grounds one and two.

### C.     Ineffective Assistance of Counsel Claims

#### 1.     *Claimed Ineffective Assistance for Filing Motion to Dismiss Third Superseding Indictment Before Start of Trial*

In his third ground for relief, Defendant Zambrana argues that his counsel was ineffective because he filed a motion challenging the sufficiency of the Third Superseding Indictment before the start of trial. Defendant Zambrana asserts that it was his strategy for his counsel to wait until the trial's commencement before challenging the Third Superseding Indictment, thus leaving the

Government unable to cure its deficiencies. Defendant Zambrana concludes that this failure by his attorney resulted in the Government's ability to perfect a Fourth Superseding Indictment against him, specifically Counts 25 through 28, which he asserts would not have otherwise been successfully charged against him. The Government responds, first, by noting that the deadline for filing of pretrial motions is set by the Court, and the deadline in Defendant Zambrana's case was set well in advance of the trial date. The Government responds, further, that it is not ineffective assistance of counsel for an attorney to file well-taken motions within prescribed deadlines on behalf of his client. Finally, the Government responds that Defendant Zambrana's claim of ineffectiveness could not possibly have affected the outcome of the proceeding as he was sentenced to seven life sentences besides the four life sentences he challenges in Counts 25 through 28.

      The Court agrees with the Government that Defendant Zambrana's third ground should be denied. Counsel for Defendant Zambrana filed appropriate motions challenging the sufficiency of the Third Superseding Indictment. He did so within the Court's prescribed deadline for the filing of pretrial motions. If he had complied with Defendant Zambrana's strategy and failed to abide by the Court's order, he might well have opened himself to an ineffective assistance of counsel claim by forfeiting the opportunity to file well-taken motions. Instead, he abided by the Court's deadline and filed the challenge which had the effect of canceling portions of the indictment currently in effect against his client. The record before the Court indicates that Defendant Zambrana's counsel did not act objectively unreasonably in challenging the Third Superseding Indictment when he did. Furthermore, the Government is correct that Defendant Zambrana's arguments as to Counts 25 through 28 could not have

prejudiced him as to the outcome of the proceedings because he received seven other life sentences on other counts. Therefore, because he can show neither objectively unreasonable behavior by counsel nor prejudice under the *Strickland* standard, Defendant Zambrana has failed to show ineffective assistance of counsel and the Court will deny this third ground for habeas relief.

**2.    *Claimed Ineffective Assistance of Appellate Counsel for Failing to File Writ of Certiorari***

In his fourth ground for habeas relief, Defendant Zambrana claims his appellate counsel was ineffective for failing to file a petition for writ of *certiorari* to the United States Supreme Court on his behalf. The Government responds that Defendant Zambrana could not have been prejudiced on this count because a petition for writ of *certiorari* was, in fact, filed on Defendant Zambrana's behalf. (*See Certiorari* Denial, ECF No. 1675-2 at 28.) Defendant Zambrana replies that his counsel promised that he would file the petition, and that when he did not follow through, Defendant Zambrana was caught off guard and forced to file his petition for writ of *certiorari* with inadequate research and preparation. (Reply 35.) The Court notes again that the only evidence put forward by Defendant Zambrana on this claim comes from his filings, and not from an affidavit. Accordingly, no evidentiary hearing is necessary. *Galbraith*, 313 F.3d at 1009–10.

"[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in t[he United States Supreme] Court." *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). Therefore, because such a defendant has "no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by

9

his retained counsel's failure." *Id.* at 587–88. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further"); *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (describing the *Wainwright* holding as follows: "where there is no constitutional right to counsel, there can be no deprivation of effective assistance"); *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1137 (7th Cir. 1990) (stating that "[t]he right to effective assistance of counsel is dependent on the right to counsel itself").

Because Defendant Zambrana has no constitutional right to counsel for the filing of a petition for writ of *certiorari* to the United States Supreme Court, he cannot have been deprived of counsel by his attorney's alleged failure to file such petition. Nor has Defendant Zambrana shown that this alleged failure by his appellate counsel was reasonably likely to affect the outcome of the proceedings. Accordingly, because he cannot show the deprivation of his constitutional right to counsel, and because he cannot meet the *Strickland* standard for showing ineffectiveness, the Court will deny this ground for habeas relief.

### 3.   *Claimed Ineffective Assistance of Counsel for Failing to Challenge Jury Venire Selection Procedure*

Defendant Zambrana's fifth and final ground for habeas relief is that his counsel was ineffective for failing to challenge the jury pool at trial. He argues that his counsel failed to ensure the jury pool was racially diverse and failed to object to the jury pool in order to preserve this issue for appeal. In support, Defendant Zambrana states that the jury pool for his trial consisted of 70 individuals, all of whom were white. The Government responds, first, that failure

to preserve an issue for appeal is not ineffective assistance of counsel if the challenge would have failed on the merits had it been raised. *Orange*, 447 F.3d at 797. On the merits, the Government argues that the jury selection plan for the Northern District of Indiana has already been found to comply with the Federal Jury Selection and Service Act of 1968. *United States v. Phillips*, 239 F.3d 829, 841 (7th Cir. 2001) (stating that the jury selection plan for the Northern District of Indiana "clearly follows the process and procedures recommended by the [Jury Selection and Service Act of 1968]"). The Government argues, further, that the issue is not the composition of any particular jury; instead, the issue is whether the jury selection plan complies with the Federal Jury Selection and Service Act of 1968. As the Seventh Circuit has stated:

> [T]here is no requirement that the venire (or for that matter the petit jury) mirror the general population. The constitutional requirement is that juries be drawn from a source fairly representative of the community. Some panels will have an unusually low (or high) proportion of one group or another. (Call this the "law of small numbers," a corollary to the law of large numbers.) Because defendants are not entitled to a jury of any particular composition, the makeup of any given venire is not significant, provided all rules for selection have been observed.

*United States v. Duff*, 76 F.3d 122, 124–25 (7th Cir. 1996) (quotations marks, citations, and brackets omitted). Because the jury selection plan complies with the statute, and because Defendant Zambrana offers no evidence that the jury selection plan was not followed in his case, any claim by his counsel would have failed on the merits. Accordingly, the Government argues, the failure to file a motion objecting to the venire was not ineffective assistance of counsel.

The Court agrees with the Government's analysis. The Court previously analyzed this issue on the merits in response to Defendant Zambrana's Motion for Judgment of Acquittal or In the Alternative for a New Trial [ECF No. 1366]. In its July 26, 2005, Opinion and Order denying Defendant Zambrana's Motion, the Court stated: "Because the Defendant has failed to establish

a prima facie case showing a low representation of Hispanics . . . his motion for a new trial based on the jury venire is denied." (Op. & Order 17, ECF No. 1410.) Defendant Zambrana has still failed to make a prima facie showing that Hispanics, who constituted less than 4.2% of the population of the Fort Wayne division in 2003, were under represented in his jury venire, given the Seventh Circuit's holding that "a discrepancy of less than ten percent alone is not enough to demonstrate unfair or unreasonable representation of [a minority group] on the venire." *United States v. Ashley*, 54 F.3d 311, 314 (7th Cir. 1995). Furthermore, the Government is correct that the question is whether the jury selection plan for the Northern District of Indiana complies with the Jury Selection and Service Act of 1968. The Seventh Circuit has already found that it does. Defendant Zambrana presents nothing to suggest that the plan was not followed in the case of his venire. He merely asserts that no Hispanics were present for his venire, which does not suggest a violation of the Jury Selection and Service Act. Counsel's failure to file a separate motion objecting to the venire under the time limit set out in the Jury Selection and Service Act, *see* 28 U.S.C. § 1867(a), does not amount to ineffective assistance of counsel because such a claim would have failed on the merits. *Orange*, 447 F.3d at 797. Furthermore, Defendant Zambrana has not shown that his counsel's failure to file such an objection was objectively unreasonable, nor that it likely prejudiced him by affecting the outcome of the proceedings. Because he presents no evidence that his venire was improper on the merits, and because he cannot establish ineffective assistance of counsel under *Strickland*, the Court will deny his request for habeas relief on this ground.[2]

---

[2]Defendant Zambrana also argues that the Jury Selection and Service Act of 1968 is "outdated and is unconstitutional." (Reply 37.) Other than the composition of his trial venire and the absence of any Hispanics in that jury pool, he raises no evidence in support of his constitutional argument. The Seventh Circuit has stated that the Jury Selection and Service Act "gives accused persons ample means to discover

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claims on procedural grounds, the court should issue a certificate of appealability "when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the

---

whether the full jury panel represents the community from which it is drawn and whether the court is using proper procedures to draw a venire from the panel." *Duff*, 76 F.3d at 125. Absent a more developed argument in favor of unconstitutionality, the Court declines to find the Jury Selection and Service Act of 1968 unconstitutional.

"debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here. The constitutional issues presented by Defendant Zambrana's Motion are whether the Court erred in denying his motion to sever, whether the Court erred in denying his motion for a new trial, and whether his counsel was ineffective in filing challenges to the Third Superseding Indictment too early, in failing to file a petition for writ of *certiorari* on his behalf, and in failing to challenge the jury pool under the Jury Selection and Service Act of 1968. Because the Seventh Circuit has already upheld this Court's denial of Defendant Zambrana's motions to sever and for a new trial, because Defendant Zambrana's attorney complied with this Court's deadlines for filing pretrial motions, because Defendant Zambrana has not shown violation of a constitutional right to counsel in his writ of *certiorari* claim, and because Defendant Zambrana makes no showing that Hispanics were actually under represented on his venire or that the selection procedure for the venire failed to comply with the Jury Selection and Service Act of 1968, Defendant Zambrana cannot make the necessary showing that reasonable jurists would find the district court's assessment of his claims debatable or wrong. Consequently, the Court will deny a certificate of appealability as to Defendant Zambrana's Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Zambrana's Pro-Se Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 1675]. Furthermore, the Court DENIES Defendant Zambrana a certificate of appealability.

SO ORDERED on February 1, 2013.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION